IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIM. ACTION NO.: 5:20CR3 (BAILEY) |
| GORDON LLOYD SWARTZ, IV, | |
| Defendant. | |

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE RECOMMENDING DEFENDANT'S MOTION [30] TO SUPPRESS BE DENIED**

Currently pending before the undersigned on referral from the District Court is Defendant's Motion [30] to Suppress, filed November 25, 2020. By Order entered December 2, 2020 [ECF No. 34], the undersigned set an Evidentiary Hearing for December 8, 2020. The United States of America ("Government") filed a response in opposition on December 4, 2020. During the December 8, 2020 hearing, the parties presented evidence and argument in support of their positions. After considering the above, the undersigned recommends that Defendant's Motion [30] to Suppress be denied.

**I.
FACTUAL/PROCEDURAL HISTORY**

A. **Criminal Charge**

Defendant was indicted by a Grand Jury on February 4, 2020, on one count of Possession with Intent to Distribute Methamphetamine. The charge arises out of Defendant's interaction with

officers with the West Virginia Department of Natural Resources on October 12, 2019, and the evidence seized as a result thereof.

### B. Witness Testimony

#### 1. West Virginia Natural Resources Officer Randy Cremeans

According to the testimony of Officer Randy Cremeans, he encountered Defendant's vehicle at approximately 1:10 a.m. on the date in question. Officer Cremeans was patrolling the area of Indian Creek Road in Tyler County, West Virginia for 'spot-lighters' (persons who hunt deer illegally at night) when he saw Defendant's vehicle parked partially in the roadway.

Officer Cremeans approached Defendant's vehicle and saw Defendant asleep or unconscious with what Officer Cremeans identified based on his training and experience as a methamphetamine pipe in his lap. Officer Cremeans knocked on Defendant's driver's side window with a flashlight to awaken Defendant. Once awake, he asked Defendant to exit his vehicle, which he did. Defendant was identified by his driver's license. Officers[1] inquired as to whether there were any firearms or drugs in the vehicle. Defendant advised that a firearm and marijuana were located within the vehicle. Officer Cremeans conducted a pat-down of Defendant's person. A second pipe, what Officer Cremeans called a 'bowl' pipe, was located in Defendant's pocket. Officers searched Defendant's vehicle where a firearm, marijuana, three cell phones, and two locked containers were located. An odor of marijuana was emanating from one of the containers. Officers seized these items. When Officers removed the containers from the vehicle, Defendant stated that there was $37,000 in one of the containers that could not leave his sight.

---

[1] During his testimony, Officer Cremeans impliedly described his interaction with Defendant as involving other Natural Resource Officers. It is not clear when or how the other officers responded to the scene. Notwithstanding, this fact is not important or relevant for our purposes.

Following the above-described search and seizure, Officers transported the evidence to their offices in Ritchie County[2] (firearms are stored at the District Office in Wood County where they are locked up in a vault). Officers obtained a search warrant from a Ritchie County Circuit Judge to search the locked containers. Inside of the containers, Officers found marijuana, 130 grams of methamphetamine; $37,000; another firearm; and ammunition.

Also following the search of Defendant's vehicle, the cell phones were taken to Wood County District Offices so that members of the drug task force in Parkersburg could assist with the search of the cell phone. Officers obtained a search warrant from a Wood County judicial officer. Information from the cell phones was downloaded by Officer Casto with the Williamstown police department.

No other witnesses testified during the hearing.

## II.
## ARGUMENTS OF THE PARTIES

**A. Defendant's Arguments**

Defendant contends that all evidence seized as a result of officers' interaction with Defendant should be suppressed because (1) there was no consent to search; (2) no exigent circumstances existed at the time of the search to justify the warrantless search of Defendant's vehicle; (3) Defendant's statements at the scene were not voluntary; (4) the evidence was not obtained via search incident to arrest because Defendant was not arrested; and (5) Officers should

---

[2] Though this search and seizure occurred in Tyler County, Officer Cremeans testified that the Division of Natural Resources does not have an office in Tyler County. Thus, the closest location at which to store evidence on the night in question was Ritchie County.

have obtained search warrants for the locked containers and the cell phones from a Tyler County judicial officer.

### B. Government's Arguments

The Government argues that the evidence seized from Defendant during his interaction with Natural Resource Officers on October 17, 2019 should not be suppressed because probable cause existed to search Defendant's vehicle, and because the search warrants were correctly obtained from judicial officers in Ritchie County and Wood County where the property subject to each search warrant, was located.

## III.
## STANDARDS

The burden of proof for a Motion to Suppress is on the party seeking to suppress the evidence. *United States v. Gualtero*, 62 F.Supp.3d 479, 482 (E.D. Va. 2014) ("[t]he legal standards governing a motion to suppress are clear….[t]he burden of proof is on the party who seeks to suppress the evidence") (citing *United States v. Dickerson*, 655 F.2d 559, 561 (4th Cir. 1981)). Once the defendant establishes a basis for his Motion, the burden shifts to the Government to prove by a preponderance of the evidence that the challenged evidence is admissible. *Id.* (citing *United States v. Matlock*, 415 U.S. 164, 177 n. 14 (1974) ("the controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence").

With these standards in mind, the undersigned will turn to the substance of the arguments raised vis-à-vis Defendant's Motion to Suppress.

## IV.
## DISCUSSION

**A. Probable Cause Existed for Officer Cremeans to Search Defendant's Vehicle.**

"The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. v. Jackson*, 131 F.3d 1105, 1108 (4th Cir. 1997) (citing U.S. Const. Amend. IV). "The constitutional protection against an unreasonable search is distinct from the protection against an unreasonable seizure. A search compromises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property." *Jackson*, 131 at 1108 (citing *Horton v. California*, 496 U.S. 128, 133, 110 S.Ct. 2301, 2305 (1990)).

"The 'plain-view' doctrine provides an exception to the warrant requirement for the *seizure* of property, but it does not provide an exception for a search." *Jackson*, 131 F.3d at 1108 (emphasis in original). When an article is seen in plain view, the viewing does not involve an invasion of privacy and, as a result, does not constitute a search implicating the Fourth Amendment. *Id*.

"It is…an essential predicate to any valid warrantless seizure of incriminating evidence that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed." *Horton v. California*, 496 U.S. 128, 136, 110 S.Ct. 2301, 2308 (1990). Additionally, the item must be in plain view and its incriminating character must be immediately apparent. *Id.*

Viewing the contents of an automobile from the outside does not constitute a Fourth Amendment search. "There is no expectation of privacy…shielding that portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers." *Texas v. Brown*, 460 U.S. 730, 740 (1983) (internal citations omitted)).

In the instant case, the evidence clearly establishes that the methamphetamine pipe in Defendant's lap was in plain view within the meaning of the applicable case law on the night in question. First, inasmuch as Officer Cremeans was in the vicinity of Defendant's vehicle as part of his regular job duties, it is clear that Officer Cremeans was legally in the vicinity of Defendant's vehicle on the night in question. As he testified, he was patrolling the area of Indian Creek Road in Tyler County, West Virginia for persons illegally shooting deer at night when he happened upon Defendant's vehicle. Defendant's vehicle was stopped (parked) partially in the roadway. Officer Cremeans pulled over to conduct a welfare check, which was eminently reasonable given that Defendant's vehicle was parked partially in the roadway at such a late hour (1:10 a.m.).

Upon reaching Defendant's vehicle, Officer Cremeans observed through the window of the vehicle that Defendant was sleeping or unconscious with what Officer Cremeans identified (based on his training and experience) as a methamphetamine pipe in Defendant's lap. That is, the nature of the pipe (as one used to smoke narcotics) was immediately apparent to Officer Cremeans.

Moreover, and notwithstanding the above, the Court would note that Defendant had no expectation of privacy with respect to the interior of his vehicle inasmuch as the contents thereof were visible to Officer Cremeans. *Brown*, 460 U.S. at 740. The fact that Officer Cremeans used a flashlight to illuminate the passenger compartment is also of no moment. "[T]he use of artificial means to illuminate a darkened area…does not constitute a search, and thus triggers no Fourth Amendment protection." *Id.* (citing *United States v. Lee*, 274 U.S. 559, 563, 47 S.Ct. 746 (1927)).

This plain-view sighting and seizure of the methamphetamine pipe provided Officers with probable cause to search the balance of Defendant's vehicle. "The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." *United States v. Davis*, 576 Fed.Appx. 292, 294 (4th Cir. 2014) (quoting

*California v. Acevedo*, 500 U.S. 565, 580, 111 S.Ct. 1982 (1991). The authority to search extends to any containers within the vehicle. *United States v. Davis*, 576 Fed.Appx. at 294 (citing *Wyoming v. Houghton*, 526 U.S. 295, 307 (1999)). "[P]robable cause is a flexible, common-sense standard….it does not demand any showing that such a belief [is] correct or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required." *Texas v. Brown*, 450 U.S. at 742 (internal citations and quotations omitted).

Officer Cremeans discovered Defendant in his vehicle, which was parked partially in the roadway, while sleeping or unconscious with a methamphetamine pipe in his lap. Such circumstances give rise to the reasonable conclusion that Defendant had recently smoked methamphetamine and that methamphetamine was within the automobile. As such, probable cause existed for officers to conduct a warrantless search of Defendant's vehicle, including the containers within it.[3]

Defendant contends that he did not give consent to search his vehicle and therefore the evidence obtained from the search thereof must be suppressed. However, any lack of consent to search is of no moment. The methamphetamine pipe and Defendant's sleeping or unconscious posture provided probable cause for officers to conclude that illegal substances, i.e. methamphetamine, would be located in the vehicle. This probable cause justified the warrantless search of Defendant's vehicle. Consent was therefore unnecessary.

Defendant also contends that no exigent circumstances existed to justify the search. Exigent circumstances were also not required to justify the warrantless search in this matter. Rather, the plain view sighting of the methamphetamine pipe, combined with Defendant's sleeping

---

[3] Officers did not conduct a warrantless search of the locked containers.

or unconscious posture at the time of discovery, established probable cause that illegal substances, i.e. methamphetamine, would be located inside of the vehicle, thus justifying the search.

Defendant next contends that his statements regarding marijuana and a firearm inside of the vehicle were not voluntary and therefore cannot be relied upon to justify the warrantless search. Again, Defendant's statements are of no moment. Officers had probable cause to believe that methamphetamine would be located inside of the vehicle given Defendant's body posture when discovered and given the methamphetamine pipe in his lap which was in plain view of Officer Cremeans.

Finally, Defendant argues that the search at issue cannot be justified as a search incident to arrest because Defendant was not arrested at the scene. This argument is similarly not persuasive. Officers had probable cause to believe that methamphetamine would be located inside of the vehicle notwithstanding officers' decision not to arrest Defendant. Therefore, the search of Defendant's vehicle was valid.

### B. The Warrant to Search the Locked Containers was Properly Obtained from a Judicial Officer in the County Where the Property was Located.

Upon seizing the items in question from Defendant's vehicle, Officers transported the items to the nearest West Virginia Natural Resources Office in Ritchie County, West Virginia. Officers then obtained a search warrant from Ritchie County Circuit Court Judge Timothy Sweeney. Officers completed the search of the locked containers pursuant to said warrant.

The cell phones seized during the search of Defendant's vehicle were transported to the West Virginia Natural Resources' District Office in Wood County, WV. Officers planned to utilize help from the Parkersburg drug task force to search the cell phones. As a result, officers applied for and obtained a search warrant for the cell phones from a Wood County, WV judicial officer. The cell phones were searched in Wood County pursuant to said warrant.

R. 41 of the West Virginia Rules of Criminal Procedure mandates that a search warrant must be obtained from a judicial officer in the county where the property to be searched is located. Inasmuch as the locked containers were located in Ritchie County at the time officers wished to search them, officers properly obtained a warrant from a Ritchie County judicial officer. Further, and inasmuch as the cell phones to be searched were located in Wood County at the time officers wished to search them, officers properly obtained a warrant for the same from a Wood County judicial officer.

Finally, and to the extent Defendant suggests that officers conducted 'forum shopping' in order to obtain a favorable decision on the warrants, the undersigned is not persuaded by this argument. There is no evidence in the record which supports such an argument. Rather, and based upon all of the evidence in the record, reasonable explanations exist as to why certain evidence was transported to and stored in both Ritchie and Wood counties. The search warrants were properly obtained from judicial officers in accordance with R. 41 of the West Virginia Rules of Criminal Procedure.

## V.
## CONCLUSION

Accordingly, and for all of the foregoing reasons, the undersigned would conclude that Defendant has not met his burden of proving that the evidence in question should be suppressed. The Government has established by a preponderance of the evidence that the evidence in question is admissible. Therefore, the undersigned **RECOMMENDS** that Defendant's Motion [30] to Suppress be **DENIED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with

the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, to the United States Marshals Service and to the United States Probation Office.

Dated: 12/11/2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE